# UNITED STATES DISTRICT COURT
for the
Eastern District of Virginia

In the Matter of the Search of

*(Briefly describe the property to be searched or identify the person by name and address)*

THE USE OF A CELL-SITE SIMULATOR TO LOCATE CELLULAR DEVICE ASSIGNED CALL NUMBER (757) 977-7560

)
)
)
)
)

**UNDER SEAL**
Case No. 2:18sw137

SEALED
FILED
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

## APPLICATION FOR A SEARCH WARRANT

I, Phillip B. Gautney, a federal law enforcement officer, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)* **See Attachment A.**

located in the <u>Eastern</u> District of <u>Virginia</u>, there is now concealed *(identify the person or describe the property to be seized)*:

**See Attachment B.**

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☒ evidence of a crime;
☒ contraband, fruits of crime, or other items illegally possessed;
☒ property designed for use, intended for use, or used in committing a crime;
☒ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section(s) | Offense Description |
|---|---|
| 18 U.S.C. §§ 922, 924 | Felon in Possession of a Firearm |

The application is based on these facts: **See Attached Affidavit.**

☒ Continued on the attached sheet.
☒ Delayed notice of 30 days is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

READ AND APPROVED:

_____
*Applicant's signature*

Phillip B. Gautney, Special Agent, FBI
*Printed name and title*

_____
John F. Butler
Assistant United States Attorney

Sworn to before me and signed in my presence.

Date: Dec. 10, 2018

City and state: Norfolk, VA

_____
*Judge's signature*
ROBERT J. KRASK
UNITED STATES MAGISTRATE JUDGE
*Printed name and title*

## ATTACHMENT A

This warrant authorizes the use of the electronic investigative technique described in Attachment B to identify the location of the cellular device assigned the following phone number (757) 977-7560.



## ATTACHMENT B

The Target Cellular Device is the cellular device carried by ANTOINE OWENS as defined in paragraph 1 of the Affidavit in Support of an Application for a Search Warrant. Pursuant to an investigation of ANTOINE L. OWENS, a/k/a "Breeze," having been indicted on December 6, 2018, for a violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2), this warrant authorizes the officers to whom it is directed to identify the Target Cellular Device for a period of thirty days, during all times of day and night, by collecting:

1. Radio signals emitted by the Target Cellular Device and other phones in its vicinity for the purpose of communicating with cellular infrastructure, including towers that route and connect individual communications; and

2. Radio signals emitted by the Target Cellular Device and other phones in its vicinity in response to signals sent by the officers.

Law enforcement will make no affirmative investigative use of any identifiers collected from cell phones other than the Target Cellular Device absent further order of the Court, except to identify the Target Cellular Device and distinguish it from the other phones. Once investigators ascertain the identity of the Target Cellular Device, they will end the collection, and any information collected concerning cellular devices other than the Target Cellular Device will be deleted.

This warrant does not authorize the interception of any telephone calls, text messages, or Internet data, and this warrant prohibits the seizure of any tangible property. The Court finds reasonable necessity for the use of the technique authorized above. *See* 18 U.S.C. § 3103a(b)(2).



AFFIDAVIT IN SUPPORT OF
AN APPLICATION FOR A SEARCH WARRANT

I, Phillip B. Gautney, being first duly sworn, hereby depose and state as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1. I make this affidavit in support of an application for a search warrant under Federal Rule of Criminal Procedure 41 to authorize law enforcement to employ an electronic investigative technique further described in Attachment B, in order to identify the cellular device assigned call number (757) 977-7560 (the "Target Cellular Device"), described in Attachment A, used by ANTOINE L. OWENS, also known as (aka) "Breeze" (hereinafter OWENS).

2. I am a Special Agent with the Federal Bureau of Investigation (hereinafter FBI), and have been since January 2010. I am currently assigned to the Violent Crime Squad in the Norfolk FBI Field Office in Chesapeake, Virginia. I have been the principal investigator in federal investigations involving public corruption, kidnappings, child pornography, narcotics trafficking and violent gang/criminal enterprise organizations. The violent gang/criminal enterprise investigations have focused in part on drug trafficking involving the unlawful transportation and distribution of controlled substances, violent acts that are used by gang members and Drug Trafficking Organizations (DTO) to intimidate, control and facilitate schemes where the gang/DTO obtains money and territory. Through experience and training, I have become familiar with the methods and schemes employed by gang members to obtain and distribute controlled substances. I am also familiar with, and have utilized, a wide variety of investigative techniques, including but not limited to the development of cooperating sources, Title III wiretaps, source debriefings, physical surveillance, trash pulls, controlled purchases, telephone toll record analysis, pen registers, administrative and grand jury subpoenas, search warrants and

electronic surveillance. As a result of my training and experience as a Special Agent for the FBI, I am familiar with federal laws.

3. I have personally participated in the investigation set forth below. I am familiar with the facts and circumstances of the investigation through my personal participation and observations; from discussions with other agents of the FBI and other law enforcement officers; from my discussions with witnesses involved in the investigation; and from my review of records and reports relating to the investigation. Unless otherwise noted, wherever in this affidavit I assert that a statement was made, the information was provided by another FBI agent, law enforcement officer or witness who may have had either direct or hearsay knowledge of that statement and to whom I or others have spoken or whose reports I have read and reviewed. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

4. This Court has authority to issue the requested warrant under Federal Rule of Criminal Procedure Rule 41(b)(1) & (2) because the Target Cellular Device is currently believed to be located inside this district. One purpose of applying for this warrant is to determine with precision the Target Cellular Device's location. There is reason to believe the Target Cellular Device is currently located somewhere within this district because the Target Cellular Device owner is known by the investigative team to spend most of his time and reside in this district. The North American telephone area code "757" associated with Target Cellular Device is a NANPA telephone area code covering the southeast corner of Virginia to include the Hampton Roads area. As recently as October 2018, Chesapeake Probation Officer Julia Spruill used this Cellular Device to contact OWENS in the Chesapeake Virginia area. Pursuant to Rule 41(b)(2),

law enforcement may locate the Target Cellular Device outside the district provided the device is within the district where the warrant was issued.

5. Based on the facts set forth in this affidavit and the return of an indictment on December 6, 2018 by a federal grand jury (*United States v. Antoine L. Owens*, Case No. 2:18-cr-180), there is probable cause to believe that violations of Title 18, United States Code, Section 922(g)(1) and 924(a)(2) have been committed by OWENS. Finally, there is probable cause to believe that the Target Cellular Device's location will assist law enforcement in arresting OWENS, who is a "person to be arrested" within the meaning of Federal Rule of Criminal Procedure 41(c)(4).

6. Because collecting the information authorized by this warrant may fall within the statutory definitions of a "pen register" or a "trap and trace device," *see* 18 U.S.C. § 3127(3) & (4), this warrant is designed to comply with the Pen Register Statute as well as Rule 41. See 18 U.S.C. §§ 3121-3127. This warrant therefore includes all the information required to be included in a pen register order. See 18 U.S.C. § 3123~~(b)(1)~~. *The provider is Verizon, however the Subscriber is unknown (PBG) RJK*

7. In my training and experience, I have learned that cellular phones communicate wirelessly across a network of cellular infrastructure, including towers that route and connect individual communications. When sending or receiving a communication, a cellular phone uniquely identifies itself to the cellular infrastructure that is routing its communication. By collecting the identifiers emitted by devices in the immediate vicinity of the Target Cellular Device when the subject is in multiple locations, it is possible to identify the Target Cellular Device, as only its unique identifiers will be present in all locations. Because there is probable cause to collect the unique identifiers of the Target Cellular Device, there is probable cause to

3



use the investigative technique described by the warrant to determine the identifiers of the Target Cellular Device.

## PROBABLE CAUSE

8. Through my own investigation and through members of the investigative team, I have learned the following facts:

9. On June 07, 2004, OWENS was convicted of Possession with Intent to Distribute Cocaine in Hampton, Virginia.

10. On August 18, 2009, OWENS was convicted of Attempted Robbery in Norfolk, Virginia.

11. On August 18, 2009, OWENS was convicted of Wearing a Mask in Public in Norfolk, Virginia.

12. On August 18, 2009, OWENS was convicted of Abduction with Intent to Extort Money in Norfolk, Virginia.

13. On August 18, 2009, OWENS was convicted of Use of a Firearm in the Commission of a Felony Assault in Norfolk, Virginia.

14. On March 02, 2012, OWENS was convicted of Possess, Transport Firearms by Convicted Felons in Virginia Beach, Virginia.

15. On August 23, 2013, OWENS was convicted of Probation Violation in Norfolk, Virginia.

16. In August 2017, OWENS was arrested for Disregard or Eluding, Endangering by the Chesapeake Police Department.

17. In October 2018, Chesapeake Probation Officer Julia Spruill identified OWENS' cellular telephone number (757) 977-7560 as the Target Cellular Device. Probation Officer



Spruill stated OWENS provided the Target Cellular Device to her as his primary cellular telephone number. Probation Officer Spruill has spoken to OWENS on the Target Cellular Device in the past.

18. OWENS is a self-admitted high ranking Bloods Gang member and 10 time convicted felon.

19. On December 6, 2018, OWENS was indicted by a federal grand jury for knowingly and unlawfully possessing in and affecting interstate commerce a firearm and ammunition, that is, a Romanian ROMARM, GP WASR-10 7.62 caliber rifle, in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).)

20. Location information as described in Attachment B and as requested by this affidavit and application will allow FBI agents to accurately locate and ultimately arrest OWENS.

## MANNER OF EXECUTION

21. In my training and experience, I have learned that cellular phones and other cellular devices communicate wirelessly across a network of cellular infrastructure, including towers that route and connect individual communications. When sending or receiving a communication, a cellular device broadcasts certain signals to the cellular tower that is routing its communication. These signals include a cellular device's unique identifiers.

22. To facilitate execution of this warrant, law enforcement may use an investigative device or devices capable of broadcasting signals that will be received by the Target Cellular Device or receiving signals from nearby cellular devices, including the Target Cellular Device. Such a device may function in some respects like a cellular tower, except that it will not be



connected to the cellular network and cannot be used by a cell phone to communicate with others. The device may send a signal to the Target Cellular Device and thereby prompt it to send signals that include the unique identifier of the device. Law enforcement may monitor the signals broadcast by the Target Cellular Device and use that information to determine the Target Cellular Device's location, even if it is located inside a house, apartment, or other building.

23. The investigative device may interrupt cellular service of phones or other cellular devices within its immediate vicinity. Any service disruption to non-target devices will be brief and temporary, and all operations will attempt to limit the interference with such devices. In order to connect with the Target Cellular Device, the device may briefly exchange signals with all phones or other cellular devices in its vicinity. These signals may include cell phone identifiers. The device will not complete a connection with cellular devices determined not to be the Target Cellular Device, and law enforcement will limit collection of information from devices other than the Target Cellular Device. To the extent that any information from a cellular device other than the Target Cellular Device is collected by the law enforcement device, law enforcement will delete that information, and law enforcement will make no investigative use of it absent further order of the court, other than distinguishing the Target Cellular Device from all other cellular devices.

## AUTHORIZATION REQUEST

24. Based on the foregoing, I request that the Court issue the proposed search warrant, pursuant to Federal Rule of Criminal Procedure 41. The proposed warrant also will function as a pen register order under 18 U.S.C. § 3123.

25. I further request, pursuant to 18 U.S.C. § 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), that the Court authorize the officer executing the warrant to delay notice until

30 days from the end of the period of authorized surveillance. This delay is justified because there is reasonable cause to believe that providing immediate notification of the warrant may have an adverse result, as defined in 18 U.S.C. § 2705. Providing immediate notice to the subscriber or user of the Target Cellular Device would seriously jeopardize the ongoing investigation, as such a disclosure would give that person an opportunity to destroy evidence, change patterns of behavior, notify confederates, and flee from prosecution. *See* 18 U.S.C. § 3103a(b)(1). There is reasonable necessity for the use of the technique described above, for the reasons set forth above. *See* 18 U.S.C. § 3103a(b)(2).

26. I further request that the Court authorize execution of the warrant at any time of day or night, owing to the potential need to locate the Target Cellular Device outside of daytime hours.

27. I further request that the Court order that all papers in support of this application, including the affidavit and search warrant, be sealed for one year from the authorization of this request. These documents discuss an ongoing criminal investigation that is neither public nor known to any of the targets of the investigation. Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize that investigation.

_____
Phillip B. Gautney
Special Agent
Federal Bureau of Investigation

Subscribed and sworn to before me this 10th day of December, 2018.

_____
UNITED STATES MAGISTRATE JUDGE

7